## Lyons *v.* Green.

### Opinion delivered May 12, 1900.

68    205
86    597

1  CERTIORARI—LACHES.—Delay of thirteen months before asking to have an erroneous judgment set aside on certiorari is not such laches as will defeat the relief sought if no efforts have been made in the meanwhile to enforce the judgment.   (Page 208.)

2.  SAME—WHEN PROPER REMEDY.—Where judgment was rendered against a defendant in an action which had been previously dismissed as to him, certiorari, and not appeal, is his proper remedy.   (Page 209.)

3.  INJUNCTION—DISSOLUTION.—An injunction granted at the instance of plaintiffs and one of the defendants against another of the defendants will be dissolved by dismissal of the suit as to both such defendants. (Page 209.)

4.  ACTION—DISMISSAL IN VACATION.— Under Sand. & H. Dig., § 5792, providing that "the plaintiff may dismiss any action in vacation, in the

office of the clerk," it is proper for the clerk, as custodian of the record, to enter up an order of dismissal at the request of the plaintiff's attorney. (Page 210.)

5. APPEAL—AMENDMENT OF RECORD.—A misprision of the circuit clerk in entering a judgment of dismissal in vacation cannot be corrected on appeal. (Page 210.)

Certiorari to Hempstead Circuit Court in Chancery.

RUFUS D. HEARN, Judge.

*D. B. Sain*, for petitioner.

The case was regularly and unconditionally dismissed by plaintiffs, through their attorney, before the clerk in vacation; and petitioner was no longer a party after that. Sand. & H. Dig., § 5792. If the record of dismissal was a misprision of the clerk, it should have been corrected before the judgment by default was rendered. Sand. & H. Dig., § 4198. Judgments rendered without notice are void. Mansf. Dig. § 5201. The proper remedy when such judgments are rendered is by certiorari with temporary restraining order. 48 Ark. 333. The office of the common law writ of certiorari is confined to bringing up the record alone, and not matters *dehors* the record. 25 Wend. 169; 17 Ark. 440; 18 Ark. 449; 23 Ark. 107; 21 Ark. 475; 30 Ark. 17; 43 Ark. 341. Extrinsic evidence is not admissible to support the record or sustain the judgment of the inferior tribunal. 59 Wis. 425; 155 Mass. 467; 34 N. H. 163; 17 N. J. L. 25. Sand. & H. Dig., § 1126, provides for the reading of affidavits and evidence *dehors* the record in certiorari proceedings in the circuit court (see 43 Ark. 341); but that provision does not apply to this court. Where the record shows a want of jurisdiction, certiorari is the proper remedy. 61 Ark. 607; 29 Ark. 172; 38 Ark. 159; 39 Ark. 349; 52 Ark. 231; 25 Ark. 420; 28 Ark. 87; 44 Ark. 509. In such a case judgment will be rendered here, quashing the judgment below. 35 Ark. 95; 17 Ark. 440; 96 Ala. 461; 29 Ark. 173; 101 Cal. 594; 35 Cal. 269; 47 Mich. 375; 73 Mich. 40; 37 Mich. 388; 1 Mo. 545; 8 Nev. 84; 25 Mich. 483. Extraneous evidence will not be heard to contradict the record. 52 Wis. 379; 5 Binn. (Pa.) 29; 2 Dall. (Pa.) 114; 5 Allen, 13; 2 Law Repos. (N. C.) 78; 109 Mass. 270. The enquiry is, whether the inferior court

kept within its jurisdiction and proceeded regularly. 113 Ill.
154; 129 U. S. 336; 33 Wis. 678; 24 W. Va. 517. When
the record discloses errors, no presumptions are indulged in
favor of regularity.   18 Ark. 53; 27 Ark. 292; 31 Ark. 567;
33 Ark. 828; 61 Ark. 464.   The judgment against petitioner
was void for want of notice.   39 Ark. 347; 13 Ark. 355; 15
Ark. 43; 16 Ark. 646; 67 Ia. 175; 2 Freeman, Judg. § 495; 49
Ark. 411; 44 Ala. 478; 30 Ark. 148; 30 N. J. L. 80; 64 Mo.
294.   The judgment was a fraud upon petitioner, because it
was a violation of the compromise'made by the parties.   2 Free-
man, Judg. § 492; 11 Ark. 442; 9 Ark. 535: 59 Ark. 8.

W. S. Eakin, for respondents.

Petitioner is barred by laches.   54 Ark. 375; 47 Ark.
514; 12 Am. Dec. 537; 37 Cal. 222; 85 Ill. 290; 15 N. Y.
Sup. Ct. 56; 10 Chicago Leg. News, 292; 42 Cal. 253; 9 Mich.
324; S. C. 80 Am. Dec. 85; 56 Ark. 85; 43 Ark. 243; 38 Ark.
81.   Petitioner should have proceeded by appeal.   37 Ark.
318; 25 Ark. 518; 35 Ark. 96; 29 Ark. 173; 2 Mass. 445; 17
Mass. 352; 52 N. Y. 445; 46 Vt. 617; 28 Ark. 87; 47 Cal.
222; 51 Ark. 284; 43 Ark. 33; ib. 262; 11 Ark. 519, 538.
Chancery, having once taken jurisdiction of a cause, retains it
for the purpose of doing complete justice on all points.   14
Ark. 50; 30 Ark. 89; ib. 228; 34 Ark. 410; 37 Ark. 164; ib.
286; 46 Ark. 96; 48 Ark. 312; 52 Ark. 541.

WOOD, J.   This is a petition to quash, on certiorari, a de-
cree of the Hempstead chancery court in the case of David and
Harriett Green against D. M. Goodlet, administrator of the
estate of H. K. Lyons, deceased, et al.   The petitioner, after
alleging that he was one of the defendants in that case, sets
forth, as grounds for setting aside the decree, that on the 28th
day of August, 1897, W. S. Eakin, as attorney for Green and
wife, the plaintiffs in the suit, did on August 28, 1897, dismiss
the suit before the clerk of the Hempstead court, in vacation,
as to W. T. Lyons, petitioner, and that afterwards, on October
14, 1897, the plaintiffs in the suit obtained judgment against
petitioner, and had a lien declared upon his land; that the
court had no jurisdiction of the person or property of peti-
tioner, as he was not served with notice after the action had

been dismissed, nor did he appear in person, nor authorize any one to appear for him in the action. The return to the writ of certiorari shows that on August 26, 1897, the following entry was made in the case of David Green and Harriett Green, plaintiffs, against D. M. Goodlet, administrator of estate of H. K. Lyons, deceased, *et al.*, to-wit: "Comes W. S. Eakin, attorney for plaintiffs, and on his motion this cause is dismissed as to D. M. Goodlet, administrator of W. W. Goodlet, Rebecca Brown and J. C. Brown. *Teste:* Geo. W. Sandefur, Clerk, by L. F. Monroe, D. C." Also the following: "Before the clerk in vacation, August 28, 1897. David Green and Harriett Green, plaintiffs, against D. M. Goodlet, administrator of the estate of H. K. Lyons, deceased, * * * W. T. Lyons," *et al.* Comes W. S. Eakin, attorney for plaintiffs, and on his motion this case is dismissed as to W. T. Lyons. *Teste:* Geo. W. Sandefur, Clerk, by L. F. Monroe, D. C."

After this the decree was rendered against the petitioner, W. T. Lyons, on the 14th day of October, 1897, which he here seeks to annul. It is not denied that petitioner had no other or further notice after these entries. In other words, the only service upon him was that had when the suit was begun. The respondents insist that the petitioner is not entitled to the relief sought for three reasons, viz.: "(1) He was guilty of laches in not applying sooner for relief by this proceeding; (2) his proper remedy is by appeal from the judgment of which he complains; (3) the court of equity rendering the judgment had complete jurisdiction of his person and property at the time the judgment was rendered." Considering these in the order presented by counsel, we are of the opinion:

*First*, that the petitioner is not barred by laches. Even if petitioner had knowledge of the judgment from the date of its rendition, a delay of about thirteen months before seeking to have same set aside would not subject him to the charge of laches, when it appears that no efforts had been made in the meanwhile to enforce the judgment. The petitioner, we observe, gave notice that he would apply to have the judgment quashed some fourteen days before the owners of the judgment advertised the land for sale under execution. Petitioner could

hardly be said to have shown any sort of acquiescence in a judgment which he sought to avoid even before any effort was made by the owners thereof for its enforcement. "What delay must be regarded as so unreasonable as to preclude the complainant from resorting to this writ" is not settled by the authorities. Each case must depend upon its own peculiar facts Respondent cites us to *Keyes* v. *Marion County*, 42 Cal. 252, where a delay of one year was held, under the circumstances of that case, to be fatal. But the facts of that case were so different from those at bar as to render it valueless as an authority for respondent's contention. The rule, as stated by this court, "is to refuse the writ when the party seeking it fails to show that he has proceeded with expedition after discovering that it was necessary to resort to it." *Black* v. *Brinkley*, 54 Ark. 375. The application of the rule to the facts of this case does not call for a denial of the relief sought.

*Second.* The remedy of petitioner was not by appeal; for, if his contention be correct, he was not a party to the record when the judgment was entered, and had no notice of the proceedings subsequent to the dismissal of the case as to him, and hence no opportunity to be made a party, and therefore no right to appeal.

*Third.* Counsel insist that the court had jurisdiction of the person and property of petitioner at the time of the rendition of the decree, for the reason (1) that "the petitioner was a party to an injunction proceeding, growing out of, and a part of, the suit decided by the chancellor at the time of the rendition of the decree." The facts concerning this are substantially as follows: Respondents (plaintiffs in the suit in which the judgment here in question was rendered) prayed an injunction against defendant D. M. Goodlet, administrator, to restrain him from collecting rents from their lands to satisfy a judgment of the probate court against the estate of H. K. Lyons, deceased. The prayer for injunction was predicated upon a recital of facts setting up their equities. Defendant Lyons, the petitioner, in his answer to the original complaint, "reiterates that part of the plaintiffs' complaint wherein they pray an injunction against D. M. Goodlet, as the administra-

tor of suid estate, restraining said administrator from collecting rent on said land, and prays that the land now held by him be included in said injunction." Petitioner joined in the execution of the injunction bond, and his land and property were included in the writ of injunction issued in the case. The order granting the injunction was that D. M. Goodlet, administrator, etc., be estopped and enjoined "until the further order of the court." This order for injunction was made October 9, 1896. The next entry of record in the case was that before the clerk in vacation August 26, 1897, *supra*, where W. S. Eakin, attorney for plaintiffs, dismissed as to D. M. Goodlet, administrator, W. W. Goodlet, Rebecca Brown and J. C. Brown, and the next was that before the clerk in vacation August 28, 1897, *supra*, dismissing as to W. T. Lyons. If these dismissals were valid, at the time the judgment was rendered there were no parties to the suit except the plaintiffs and Mitchell and Hyatt All the other parties had been eliminated by these dismissals in vacation. So that, when the final decree was rendered, the party against whom the injunction had been granted, and the petitioner, Lyons, who had joined in asking the injunction, were both out of the case. The dismissal of the case as to them *ipso facto* dissolved the injunction. The chancellor seems to have recognized that fact in the final decree, for that contains no reference to the injunction. (2) It is urged, as a further reason why the court had jurisdiction of the person and property of petitioner, that the record does not import absolute verity, and that the deputy clerk had no power to enter up the order and sign same in vacation, so as to make it valid and binding on the parties. And, again, that the order as entered did not reflect the facts, and that proof may be considered here to show what the plaintiff actually did and intended to do before the clerk. A dismissal by the plaintiff in vacation is expressly authorized by the statute (section 5792 of Sandels & Hill's Digest), and what the plaintiff did through his attorney he did himself. It was proper for the clerk, as the custodian of the record, to enter up the order of dismissal at the request of the plaintiff. If, by any misprision of the clerk, the actual order desired by

the plaintiff as to the dismissal was not entered, that could and should have been corrected in the circuit court before the final decree was taken by proper notice and proceedings. It is too late to do so here. We have to do in this proceeding only with the record as it is. Oral proof is not authorized before us to change it.

It follows that the judgment, in so far as it affected the petitioner, was *coram non judice* and void. The same, therefore, as to him, is hereby quashed, set aside, and held for naught.