## DUNBAR v. WALLACE.

### Opinion delivered November 4, 1907.

1. SUIT IN EQUITY—RIGHT TO DISMISS AFTER CROSS-BILL FILED.—Where a plaintiff brought suit for the recovery of property, and defendant answered and asked affirmative relief by cross-complaint, plaintiff could not thereafter dismiss the suit upon payment of the costs, at least so far as the cross-complaint is concerned. (Page 232.)

2. MANDAMUS—RIGHT TO FILE SUGGESTION OF JUDGE'S DISQUALIFICATION.— Mandamus will not lie to compel a chancellor to permit a party to a suit to file a suggestion that the chancellor is disqualified because the fee of one of his adversary's counsel is contingent, and such counsel is related within the fourth degree to the chancellor. (Page 232.)

Prohibition and mandamus to Yell Chancery Court; *Jeremiah G. Wallace*, chancellor; denied.

*Jo Johnson*, for petitioners.

*R. C. Bullock*, for respondent.

PER CURIAM.   Dunbar had a cause pending in Yell Chancery Court, in which he was plaintiff and Bell and others defendants.   The action was for the recovery of both real and personal property.   Bell answered, and asked affirmative relief in the nature of a cross complaint.   Dunbar in vacation dismissed as to defendant Evans, and later in vacation attempted to dismiss as to all defendants and pay costs, including dismissal costs, but the clerk refused the costs and to enter a dismissal.   In court Dunbar filed a motion setting forth these facts and asking that the cause be dismissed as a right, and also asked that the cause be dismissed on the ground that the claim of Bell grew out of a lottery, and was illegal.   The court overruled the motion, and Dunbar asks that the chancery court be prohibited from proceeding with the suit.

The cross complaint of Bell against Dunbar gave the court jurisdiction of the parties and the controversy between them, in so far as the cross complaint is concerned, at least.   Thus, the chancery court having jurisdiction of the parties and the subject-matter, the matter is ended here, so far as prohibition is concerned.   Whether the court proceeded correctly or erroneously are matters which may be reviewed on appeal, not by this extraordinary writ.

Petitioner asks a mandamus to require the court to permit him to file a "suggestion of disqualification" of the chancellor, which the chancellor treated as contemptuous, and refused to permit it to be filed.   The paper is a suggestion that the fee of one of cross complainant's attorneys is contingent, and that the attorney is related within the fourth degree to the chancellor.   The prayer was that the attorney be interrogated as to his interest in the subject-matter of the suit, so that the judge may decline to sit at the hearing if found proper to decline.   Such motion has no place in this case.   It is not proper nor right to call upon a judge to start an investigation into the fees of attorneys who may be kinsmen of his in order to find out from such investigation whether there may be disqualification.   If there is filed a properly verified and supported allegation that such kinsman has a direct pecuniary interest in the subject-matter of the litigation, then a far different question is presented.

Upon the hearing of the petitions, the relief prayed was re-

fused from the bench, and this memorandum of the reasons therefor is now filed.