PARKER *v.* FRIERSON.

## Opinion delivered June 5, 1916.

1. ACTIONS—CONSENT DECREE—DISMISSAL IN VACATION.—In an action in the name of the State, brought by the prosecuting attorney, a consent decree, purporting to dimiss the action, but also including matters of importance in addition to the direction for dismissal of the action, cannot be entered in vacation.

2. ACTIONS—DECREE ENTERED IN VACATION—JURISDICTION OF CHANCELLOR.—The chancellor may order expunged from the record, a decree entered in vacation, dismissing an action brought by the prosecuting attorney in the name of the State, but containing other matters besides the agreement to dismiss.

3. WRIT OF PROHIBITION—ORDER SETTING ASIDE CONSENT DECREE, ENTERED IN VACATION—ADMISSION OF NEW PARTIES.—The chancellor ordered expunged from the record, a decree, entered in vacation, dismissing a certain action, ordered the cause to proceed to trial, permitting other parties to intervene. *Held,* a writ of prohibition would not lie, on the part of the defendant to prevent further proceedings.

Prohibition to Crittenden Chancery Court; *Chas. D. Frierson,* Chancellor; petition denied.

### STATEMENT BY THE COURT.

This proceeding is for a writ of prohibition to the chancellor, to prevent his further proceeding in the suit of *State of Arkansas* v. *B. S. Parker, et al.,* with a prayer also for a mandamus, requiring him to enter of record the order of the prosecuting attorney dismissing said suit.

The State of Arkansas, through her prosecuting attorney for the second circuit, with other counsel assisting, filed a complaint in the Crittenden chancery court against B. S. Parker, president of the Five Lakes Outing Club, a voluntary unincorporated association, organized for the purpose of maintaining a game and fish preserve, and certain others, employees, members and officers of the association.

It was alleged that the association and individuals named, constructed a pumping station in the waters of Horse Shoe Lake, a navigable lake in Crittenden County,

about 600 feet from high water mark and were engaged in constructing a fence from Happy Jack Island on a designated section of land, to a point in the lake, known as Lone Cypress, and then southwardly to the club house. That said fence was being constructed wholly within the navigable waters of the lake and when completed enclosed over 800 acres of lake bed, the property of the State of Arkansas, and that the fence and the pumping station constituted an obstruction to the navigability of the lake.

A restraining order was prayed against the construction of the fence and upon final hearing, a decree requiring the defendants to remove the pumping station. An answer was filed admitting that the lake was a navigable body of water, but denying that defendants had constructed a pumping station within the waters of said lake or that they were engaged in constructing a fence within the bed of the lake. Alleged that the outing club owned certain lands to the original meander line of said lake as established by the government in sectionizing the land in 1834; that certain of their lands, describing them, were low lands, bordering on the lake and had become overflowed and submerged to a depth of from two to five feet by the ponding of the waters of the lake thereon due to the construction of a levee by the St. Francis Levee Board in 1905, across the mouth of Buck Bayou, the only outlet for the waters of the lake. That said submergence of its lands worked no forfeiture of title; that they were still the owners thereof and had the right to fence the same for the purpose of preventing trespassing thereon by the general public and also that in *Barboro* v. *Boyle,* 119 Ark. 377, the Supreme Court had held that they had the right to enclose said lands and upon doing so would have the exclusive right to hunt and fish thereon. That unless permitted to fence the lands because of the peculiar character of the bank of the lake, they could not prevent trespassing.

It is further alleged that it was their intention to construct their fence within the original meander line

of the lake but by mistake eight of the piles or posts which they offered to remove had been driven north of said line; .and that the pumping station was within 150 feet of the present bank of the lake and well within the original meander of the lake and on land owned by the defendants.

In November, 1915, the State by her prosecuting attorney and the defendants by R. G. Brown, their attorney, agreed that the case should be dismissed upon payment of the costs by defendants. A consent decree dismissing the complaint was drawn up, marked approved by counsel, filed in the office of the clerk on November 10, and by him entered upon the chancery record in vacation, which was ordered by the chancellor expunged on January 24, 1916, "because under the rules of this court, nothing in the form of a decree can be entered without the signature of the chancellor." Said consent decree is as follows:

"In this cause, in vacation, comes the parties by their attorneys of record, the State of Arkansas being represented by M. P. Huddleston, Esq., and the defendants by R. G. Brown, Esq., and by consent this cause is dismissed and the restraining order heretofore granted herein is set aside and for naught held, it appearing from the answer filed herein by the defendants that they claim the right only to build their fence within the original meander line of the lands owned by them within the peninsula formed by Horse Shoe Lake, and the State of Arkansas admitting of record that the defendants have the right to build and construct their fence within said original meander line, title to the lands within the meander line being admitted by the plaintiff to be in the defendants to this action.

"By consent, the costs of this proceeding will be paid by the defendants. The clerk is directed by both parties to this proceeding to enter this decree at once in vacation."

On the first day of January term, 1916, the defendants appeared and moved the court to enter of record

said consent order of dismissal. On the 24th of January, Miles Thompson filed a motion in the cause, alleging that he was a citizen and taxpayer of Crittenden County and as such entitled to the use of Horse Shoe Lake and to the privilege of hunting thereon and fishing therein in all parts, and prayed to be made a party plaintiff, which motion was granted.

The court further overruled petitioners motion to enter as a decree of the court said consent order already set out, and expunge the entry thereof from the record as erroneous, it being done in vacation and contrary to the rules, without the signature of the chancellor and further ordered that the action proceed to trial, as the *State of Arkansas on relation of Miles Thompson, plaintiff,* v. *B. S. Parker, et al.*.

The defendants excepted to all of the court's rulings and prayed and were granted an appeal, and also filed a petition here for a writ of prohibition to the chancellor to prevent further proceedings in the case, and a writ of mandamus as stated.

*Brown & Anderson,* for petitioners.

The prosecuting attorney had the right to dismiss the suit. Kirby's Digest, § § 7779, 6168; 68 Ark. 205; 14 Cyc. 416; 22 *Id.* 981. The chancellor had no power or right to abrogate the consent decree dismissing the cause.

*N. F. Lamb, Eugene Sloan, J. R. Turney, A. B. Shafer, Hugh Hayden* and *E. L. Westbrooke,* for respondent.

1. The consent decree could not be entered except by the chancellor. Kirby's Digest, § 6168 merely authorizes the plaintiff to dismiss his suit before the clerk. 73 Ark. 66; 4 *Id.* 537. Prohibition will not lie. 5 Ark. 21; 12 *Id.* 70; 26 *Id.* 52; 48 *Id.* 227; 33 *Id.* 192; 26 *Id.* 452. The rules of the chancellor did not permit such a decree to be recorded without his approval. 11 Cyc. 740 A, 741, 888, 948, 952; 80 Ark. 61. The dismissal was properly set aside. 14 Cyc. 423, 430. Prohibition does

not lie—the remedy was by appeal. 33 Ark. 191; 74 *Id.* 217; 77 *Id.* 148; 84 *Id.* 231.

2. Miles Thompson was properly made a party. Kirby's Digest, § 6011-12; 31 Cyc. 477; 33 Ark. 173.

3. This court has no jurisdiction. 73 Ark. 66. The prosecuting attorney had no authority to compromise away the State's rights. 93 Ark. 490; 10 R. C. L., § 32; 28 L. R. A. 42; 34 *Id.* 487; 180 U. S. 343; 32 Ark. 346.

4. Chancellors have power to make reasonable rules. 10 R. C. L., par. 345, p. 559; Fletcher Eq. Pl. & Pr. 747; Simkins Fed. Eq. Suit 608-9.

5. A compromise and settlement can not be a consent decree without the sanction of the court. 16 Cyc. 471-3; 34 L. R. A. 487; 75 Ark. 415; 51 L. R. A. (N. S.) 1191; 6 Enc. Pl. & Pr. 846; 109 U. S. 702; 1 Oh. St. 170; 73 S. W. 74; 7 Stand. Enc. Proc. 656; 1 Whitehouse Eq. Pr. 57, 58; 31 Cyc. 486; 25 Atl. 915. The writ should be denied.

*M. P. Huddleston, pro se.*

KIRBY, J., (after stating the facts). It is insisted that the suit was properly dismissed in vacation and that the chancery court was without jurisdiction thereafter to proceed further in the hearing thereof. Appellants in support of their position rely upon *Lyons* v. *Green,* 68 Ark. 205, and sections 7779 and 6168 of Kirby's Digest, which provide:

"Sec. 7779. All actions in favor of and in which the State is interested shall be brought in the name of the State in the circuit court of the county in which the defendant may reside or be found, and shall be prosecuted by the prosecuting attorney for the State, prosecuting in such circuit."

"Sec. 6168. The plaintiff may dismiss any action in vacation, in the office of the clerk, on the payment of all costs that may have accrued therein, except an action to recover the possession of specific personal property, when the property has been delivered to the plaintiff."

There is no question but that a plaintiff may dismiss his action in vacation in accordance with said section 6168, nor that all actions in favor of and in which the State is interested are required to be brought in its name by the prosecuting attorney of the circuit court of the county designated, and conceding without deciding that such official would have the right to dismiss such a suit for the State, brought by him, in vacation, it does not follow that said consent order now claimed to be only a dismissal of the suit was entitled to entry upon the record as a matter of course upon its presentation to the clerk.

In *Lyons* v. *Green*, it was held proper, under the authority of said section 6168, for the clerk as custodian of the record to enter up the order of dismissal at the request of the plaintiff's attorney and that if by misprision of the clerk the actual order desired by the plaintiff as to the dismissal was not entered, it could and should be corrected in the court by proper notice and proceedings before the final decree was taken.

(1) It is claimed that the consent decree of dismissal was not such a dismissal of the action in vacation as is authorized by law, that it contained an admission of record by the State of Arkansas that the plaintiffs were the owners of the lands claimed in the action and had the right to build the fence within the original meander line of the lake as they were attempting to do, a recital which was certainly not necessary if the purpose was only to dismiss the suit and which may have been and doubtless was, beyond the power of the prosecuting attorney to make for the State if the rights of individuals or the public were thereby concluded. It was in form a consent decree, including matters of importance in addition to the direction for dismissal of the action, and there was no authority under the law permitting its entry of record in vacation.

(2-3) The court upon presentation of the matter at the next term upon motion of petitioners requesting the order of dismissal entered of record, refused to grant

the relief and ordered the said decree as erroneously entered by the clerk in vacation, expunged from the record. It was acting within its authority and jurisdiction in making such order and if error was committed therein or in permitting other parties to intervene in the suit and ordering that it proceed to a hearing, it must be taken advantage of and corrected by appeal, and prohibition will not lie to prevent such further procedure. The petition is accordingly denied.