THE J. R. WATKINS MEDICAL CO. *v.* HORNE.

Opinion delivered April 22, 1918.

1. FOREIGN CORPORATIONS—NON-COMPLIANCE WITH STATE LAWS—NON-SUIT TAKEN IN VACATION—SECOND SUIT.—A foreign corporation which had not complied with the laws of this state, brought an action against appellee; *held*, the foreign corporation, appellant, could dismiss its action in vacation, and then after complying with the State laws, bring another action, upon the same grounds, against the appellee.

2. APPEAL AND ERROR—DIRECTED VERDICT.—An appeal lies from a judgment rendered upon a directed verdict, the appellee having moved the court to dismiss the complaint.

Appeal from Greene Circuit Court; *W. J. Driver,* Judge; reversed.

*R. P. Taylor,* for appellant; *Tawney, Smith & Tawney* (of Winona, Minn.), of counsel.

1. The record contains no proof that appellant ever transacted business in Arkansas.

2. It was error to direct a verdict. The first suit was properly dismissed without prejudice. Kirby's Digest, § 6167; 69 Ark. 431; 122 *Id.* 456. After the dismissal of the first suit, appellant complied with the Arkansas laws and was entitled to sue again. Thompson on Corp. (2d ed); § 6720; Kirby's Digest, § § 5083, 6167; 115 Ark. 166; 124 *Id.* 539; 122 *Id.* 456; 55 *Id.* 173, 295.

3. The suit was not barred. 77 Ark. 228.

*Burr, Stewart & Burr* and *R. E. L. Johnson,* for appellees.

A verdict was properly instructed. It was error to allow the dismissal of the suit, and then after appellant had complied with our laws to bring the second

suit. 77 Ark. 379; 14 Cyc. 406; 6 A. & E. Enc. Pl. & Pr. 843; 109 U. S. 715; 81 Ark. 102; 74 *Id.* 536.

HART, J.   This is a suit by The J. R. Watkins Medical Company against J. A. Horne and G. O. Light, to recover on a promissory note.   On August 1, 1910, the defendants, J. A. Horne and G. O. Light executed their promissory note for $583.30 due and payable on or before six months after date to the J. R. Watkins Medical Company.   On December 19, 1912, the Medical Company sued Horne and Light in the circuit court to recover a balance alleged to be due on the note.

The defendants filed an answer alleging that the plaintiff was a foreign corporation and had never complied with the statute of the State of Arkansas authorizing foreign corporations to do business in the State. It also alleged that the condition of the note was illegal. On September 6, 1916, in vacation, the plaintiff dismissed the action upon the payment of the costs to the clerk. On the 11th day of September, 1916, the plaintiff instituted the present action against Horne and Light on the same note.   In the meantime the plaintiff had received authority to transact business in the State of Arkansas. In the instant case the defendants set up the same answer as in the original suit and also filed a motion to dismiss the complaint because the dismissal of the original suit in vacation without the knowledge or the consent of the defendants and the prosecution of the instant case, deprive the defendants of the right to set up plaintiff's noncompliance with our statute authorizing foreign corporations to do business in the State.

The court was of the opinion that under the facts stated the plaintiff could not dismiss its action in vacation, and, by subsequently complying with the laws of the State in regard to foreign corporations doing business here, again institute a suit on the same note and deprive the defendants of a defense available to them in the original action.   The court therefore instructed a verdict for the

defendants and from the judgment rendered the plaintiff has appealed.

The court was wrong. Section 6168 of Kirby's Digest reads as follows:

"The plaintiff may dismiss any action in vacation, in the office of the clerk, on the payment of all costs that may have accrued therein, except an action to recover specific personal property, when the property has been delivered to the plaintiff."

(1) The facts in the present action do not bring it within the exception provided in the statute. In other words the instant case was not an action to recover the possession of specific personal property. Therefore, the statute expressly confers upon the plaintiff the right to dismiss its action in vacation upon the payment of the costs. This plaintiff elected to do. It subsequently complied with the law of the State with relation to foreign corporations doing business here. It then instituted another action against the defendants on the same cause of action. This it had a right to do. If it had the right to dismiss the first action under the statute, it is equally certain it had the right to bring another. The mere fact that in the interval it had complied with the laws of the State with reference to foreign corporations doing business here did not have the effect to deprive it of its right to bring the second action or to render available the dismissal of the first action as a plea of *res adjudicata.* At common law the plaintiff may submit to a voluntary nonsuit at any time before a verdict. *Deneen* v. *Houghton County Street Railway Co.,* 150 Mich. 235, 13 A. & E. Ann. Cas. 134; *Hancock Ditch Co.* v. *Bradford,* 13 Cal. 637; *New Hampshire Banking Co.* v. *Ball* (Kan.), 48 Pac. 137, and Jones' Blackstone, book 3, par. 500, vol. 2, p. 1987. In the same section Blackstone says that after a nonsuit, which is only a default, the plaintiff may commence the same suit again for the same cause of action; but that after a verdict had, and judgment consequent thereupon, he is forever barred from attacking the defendant upon

the same ground of complaint. Other cases holding that a judgment of nonsuit is not a judgment upon the merits, and can not be pleaded as *res adjudicata* in another suit between the same parties upon the same cause of action are the following: *Forschler* v. *Cash,* 128 Ark. 492; *Hall* v. *Chess & Wymond Co.* (Ark.) 131 Ark. 36, 198 S. W. 523; *Manhattan Life Ins. Co.* v. *Broughton,* 109 U. S. 121; *Gardner* v. *Michigan, etc., R. R. Co.,* 150 U. S. 349, and extensive case notes to 49 Am. St. Rep. at page 831.

In the case of *Clapp* v. *Thomas,* 5 Allen (Mass.), 158, the court quoted with approval from March on Abitraments, that a nonsuit "is but like blowing out of a candle, which a man at his own pleasure lights again." So it will be seen that if a nonsuit had been taken at common law or by order of the court under a statute, the final judgment by its terms would show that nothing had been adjudicated and would raise no estoppel to a future action.

In opposition to the rule announced, counsel for the defendants rely upon the case of the *Culver Lumber & Manufacturing Co.* v. *Culver,* 81 Ark. 102. That case does not support the defendants' contention. At the time the plaintiff asked a nonsuit creditors had intervened and filed their claims against the corporation; a final decree had been rendered and the property involved had been sold under it. The court held that other parties having acquired rights, the plaintiff no longer had the right to control the suit and properly refused to allow her to take a nonsuit.

Counsel also rely upon the rule laid down in 14 Cyc. 406. The rule is stated too broadly in the text and the cases cited to support the text are based on some such equitable principles as are announced in the Culver case just referred to. No such reason exists in the present case for taking the case out of the provisions of the statute and it is governed by the express language of it.

As we have already seen our statute authorizes a nonsuit in cases of this sort before the clerk in vacation and

it is proper for the clerk as custodian of the records to enter up an order of dismissal at the request of the plaintiff. *Lyons* v. *Green,* 68 Ark. 205, and *State Bank* v. *Gray,* 12 Ark. 760. In the application of the principles of law above announced, we think the dismissal before the clerk in vacation by the plaintiff did not bar it from instituting another suit on the same note and such act was not *res adjudicata.*

(2) Finally it is insisted that the plaintiff had no right of appeal in the present case because the court, in effect, only granted the defendants' motion to dismiss the complaint and the judgment in no way resulted from a trial on the merits. No matter what the reasons were, the court, over the objections of the plaintiff, directed a verdict for the defendants. The verdict was returned into court by the jury and judgment was rendered upon it.

The action of the court amounted to a decision upon the merits of the case and the judgment is final and appealable.

It follows that the court erred in directing a verdict for the defendants, and for that error the judgment will be reversed and the cause remanded for a new trial.