NORTON *v.* HUTCHINS, CHANCELLOR.

4-5315                                    120 S. W. 2d 358.

Opinion delivered October 17, 1938.

*E. J. Butler* and *Daggett & Daggett,* for petitioner.
*Roy D. Campbell* and *Dennis W. Horton,* for respondent.

HUMPHREYS, J. This is a petition to this court by Mary McDougal Norton seeking to prohibit Hon. A. L. Hutchins, as chancellor of the 5th chancery district of the state of Arkansas from restraining her from prosecuting a suit against W. M. Robinson, her former husband, to subject his real estate in the state of Texas to the payment of an indebtedness due her under a property

settlement in a separation agreement. She had filed the suit for that purpose in the 126th district court of Travis county, Texas, on the second day of July, 1938, after failing to find property in the state of Arkansas belonging to W. M. Robinson against which she might proceed to collect the amount due her under said property settlement agreement.

She had brought a suit for that purpose against W. M. Robinson in the chancery court of St. Francis county on March 7, 1938, and filed amendments thereto on the 8th day of March, 1938, and the 20th day of April, 1938. The cause in the chancery court was numbered 6567.

Answers were filed to the complaint and amendments thereto denying each and every material allegation therein.

Prior to this time she had brought a suit in said chancery court for a divorce from W. M. Robinson and had obtained same. This divorce suit was numbered 6366.

On March 8, 1938, she filed a motion in the divorce suit, No. 6366, for the support and custody of Ada Matrona Robinson, their minor daughter.

On March 12, 1938, W. M. Robinson filed a repsonse to the motion for the support and custody of the child.

On July 20, 1938, W. M. Robinson filed a motion in causes 6366 and 6567 pending in the chancery court to restrain Mary McDougal Norton from prosecuting the suit she had brought in the Texas court on July 2, 1938, on the ground that the suit brought by Mary McDougal Norton in Texas involved the same issues as those involved in causes 6366 and 6567 pending in the chancery court of St. Francis county, in so far as they related to the custody and support of the child, and the validity or invalidity of the marriage settlement concerning their property rights.

The above motion or petition was set for hearing at 9 o'clock a.m., Monday, August 29, 1938, by the chancellor.

After W. M. Robinson filed his motion in causes Nos. 6366 and 6567 to restrain Mary McDougal Norton from

prosecuting the case she had brought in Texas, Mary Mc-Dougal Norton, on the 6th day of August, 1938, in vacation, dismissed both her cases before the chancery clerk in the manner provided by statute for dismissing said cause.

On the 26th day of August, 1938, the chancellor having discovered that she had dismissed her causes, and after notice to him that Mary McDougal Norton would apply to the Supreme Court for a writ of prohibition to prevent him from proceeding further with W. M. Robinson's motion to restrain her from prosecuting her suit in Texas, the chancellor procured the files in the cases and struck therefrom her dismissals of them in vacation. The chancellor was notified on Saturday afternoon, August 27, 1938, that Mary McDougal Norton would apply before Justice BASIL BAKER in Little Rock on Monday morning August 29, 1938, at 10 o'clock a. m. for an order restraining him from proceeding further for any purpose whatever in the St. Francis county causes Nos. 6366 and 6567 on the ground that after she had dismissed her cases the chancellor or chancery court had no jurisdiction to make orders restraining her from prosecuting her suit in Texas, and upon being notified the chancellor waived service and made an entry of appearance before Justice BAKER. Pursuant to the notice of the hearing before Justice BAKER at 10 o'clock on Monday morning, August 29, 1938, Mary McDougal Norton appeared before Justice BAKER and obtained a temporary order restraining the chancellor from proceeding further in said causes Nos. 6366 and 6567.

Notwithstanding the chancellor had been notified that application would be made to Justice BASIL BAKER, one of the Supreme Justices of Arkansas, at 10 o'clock a.m., Monday morning, August 29, 1938, for a writ prohibiting him from proceeding further in cases Nos. 6366 and 6567 until his jurisdiction to proceed in such cases was adjudicated by the Supreme Court, the chancery court, pursuant to notice theretofore given Mary McDougal Norton, proceeded about 9 o'clock a.m., Monday morning, August 29, 1938, to hear the motion theretofore

filed in cases Nos. 6366 and 6567 to restrain Mary McDougal Norton from prosecuting the case she had brought in Texas, which resulted at some time during the said day in a finding by the chancellor that the Texas suit was in the form and effect and essentially the same as causes numbered 6366 and 6567 then pending in the St. Francis chancery court in the state of Arkansas, and that W. M. Robinson was entitled to the relief prayed in his motion for a restraining order which motion was filed on the 20th day of July, 1938, and entered the following vacation order at some hour during said day:

"Wherefore it is considered, ordered and decreed that the application of the defendant for the restraining order prayed in this cause No. 6567, and in cause No. 6366 be and the same is hereby granted, and the plaintiff, Mrs. Mary McDougal Robinson, is hereby ordered and directed to refrain from prosecuting the action brought by her in the 126th judicial district court of Travis county, Texas, the same being cause No. 60250, and against the defendant herein, W. M. Robinson, and the plaintiff herein will be so restrained, from prosecuting said action until the further orders of this court. A certified copy of this order may be filed by the defendant herein with the clerk of the 126th judicial district court of Travis county, Texas.

"This order made in vacation by the undersigned on this the 29th day of August, 1938.

"A. L. Hutchins, Chancellor."

A response was filed by W. M. Robinson to the application for a writ of prohibition making exhibits thereto all the proceedings which had been done in causes numbered 6366 and 6567 brought by Mary McDougal Norton against W. M. Robinson, from the time they had been filed, and the substance of the Texas suit which she had filed, and the petition W. M. Robinson had filed in said suit for a restraining order, and the dismissal of the suits in vacation, and the order striking the dismissal from the files, all of which we do not undertake to set out in this opinion.

860

The pleadings and other proceedings in said cases show that the issues involved in the suit Mary McDougal Norton brought in Texas were also involved in the other cases. They do not show that at any time during the proceedings of said cases that W. M. Robinson ever filed a set-off or counter-claim. The motion he filed for a restraining order in said cases was not a set-off or counter-claim, but a request for a provisional remedy only.

As we understand the law a plaintiff has the right to dismiss any suit he has brought either by application to the court or by application to the clerk in vacation to dismiss same. If before he dismisses same a set-off or counter-claim has been filed the dismissal will not prevent the defendant from trying the issues tendered in the cross-complaint or counter-claim. It is undisputed that after bringing her suit in Texas she dismissed her suits in Arkansas before the chancery clerk in vacation. Final judgments or decrees had not been rendered in the Arkansas cases at the time she dismissed them. She had the absolute right, therefore, to dismiss them as no cross-complaint or counter-claim had been filed in any of the proceedings. Pope's Digest, § 1486 provides: "The plaintiff or his attorney may dismiss any suit pending in any of the courts of this state, except actions in replevin, in vacation, in the office of the clerk, on the payment of all costs that have accrued therein." In construing said section this court has ruled in the cases of *Lyons* v. *Green,* 68 Ark. 205, 56 S. W. 1075, and *J. R. Watkins Medical Company* v. *Horne,* 133 Ark. 570, 203 S. W. 24, that it is proper for the clerk, as custodian of the records, to enter an order of dismissal of a case at the request of the plaintiff or his attorney, in vacation.

It is also provided in § 8192 of Pope's Digest that: "In any case where set-off or counter-claim has been presented, the defendant shall have the right of proceeding to trial of his claim although the plaintiff may have dismissed his action or failed to appear."

In construing § 8192 of Pope's Digest this court has decided in the cases of *Dunbar* v. *Wallace,* 84 Ark. 231, 105 S. W. 257; *Weigel* v. *Road Improvement District No.*

*1, Prairie County,* 126 Ark. 31, 189 S. W. 178; and *Watts v. Watts,* 179 Ark. 367, 15 S. W. 2d 997, that the section does not prevent the plaintiff from dismissing a suit in vacation, and the only effect in filing a counter-claim or cross-complaint by defendant before dismissal or non-suit would be to give the defendant the right to have his cross-complaint tried. There being no cross-action, cross-bill, cross-complaint or cross-claim filed in the Arkansas cases by W. M. Robinson the effect of the dismissal of her cases in Arkansas was to end them. After they were dismissed the chancellor was without jurisdiction to make any further orders in them. Any order that he might attempt to make would be void.

It is argued that Mary McDougal Norton should have appealed to this court from the chancellor's order entered in vacation enjoining her from prosecuting her suit in Texas. This may have resulted in injury to her for she was seeking in Texas to recover what was alleged to be due her under a property settlement in a separation agreement, and for the support of her child and to impound property that W. M. Robinson had in that state to secure the payment thereof. If Mary McDougal Norton had followed the course suggested by the learned attorney for W. M. Robinson, the property in Texas might have been dissipated before she could get a hearing upon the appeal. In applying for a writ of prohibition before this court she was seeking a speedy remedy before anything of that kind might occur. This court ruled in the case of *Monette Road Improvement District* v. *Dudley,* 144 Ark. 169, 222 S. W. 59, that (quoting syllabi 1 and 2):

"1. Where it appears that an inferior court is about to proceed in a matter over which it is entirely without jurisdiction under any state of facts which may be shown to exist, then the superior court exercising supervisory control over the inferior court may prevent such unauthorized proceedings by the issuance of a writ of prohibition.

"2. The writ of prohibition lies where an inferior court is proceeding in a matter beyond its jurisdiction,

862

and where the remedy by appeal, though available, is inadequate.''

The same doctrine was reaffirmed in the case of *Order of Railway Conductors* v. *Bandy,* 177 Ark. 694, 8 S. W. 2d 448. The chancellor was proceeding to hear the petition or motion of W. M. Robinson which was neither an off-set nor counter-claim at the time Mary McDougal Norton applied for a writ of prohibition before Justice BAKER, a member of the Supreme Court of this state, and he had accepted notice of the proceedings before Justice BAKER. He was without any jurisdiction whatever to make orders on said motion or petition after the dismissal of said cases and the temporary order issued by Mr. Justice BAKER was binding upon him until dissolved. We think the temporary order or writ was properly issued, and should be made permanent which is accordingly done.