Shipman, J.
This is a motion for a new trial in an action-at law, in which a verdict was directed for the plaintiff.
The suit was to recover the amount due upon' six negotiable promissory notes, all made by the defendant to the •order of the Valley Worsted Mills, a corporation which indorsed them for value, and before maturity, to the plaintiff, a bona fide holder, which discounted them for the benefit of the payee.
The suit was originally brought in a State court, where an answer was filed. No additional or new pleadings were made after its removal to this court. The portion of the answer which is now material is, in substance, that the said notes were made by the defendant purely for the accommodation of the Valley Worsted Mills, to which corporation. they .were delivered upon the express condition and agreement with it and with the plaintiff, as the defendant was informed and believed, that all said notes should be taken up and paid at maturity by the payee, “ but that the defendant should in no wise be liable upon the same or any of them.” ' That said notes were discounted by the plaintiff, under and by virtue of said agreement and with its agreement that the defendant should not be liable thereon, and that, his name was used for the accommodotion of the plaintiff, and because under its rules, all paper discounted by it must contain at least two names. That before the ■commencement of this suit, the payee paid to the plaintiff, in full settlement of all its claims upon said notes, a sum equal to forty per cent, upon the amount thereof.
The answer concluded with a demand of judgment that the complaint may be dismissed, with costs, and that said notes be delivered to the defendant to be canceled.
The only defense which was attempted to be proved was that the plaintiff, which had discounted the notes in suit for the benefit of the payee and indorser, in ignorance that the notes were accommodation paper, was, after the insolvency ■of both maker and indorser, and about the time of the maturity of the notes, informed, for the first time, that the *148 defendant claimed to be an accommodation maker and that the payee had promised to hold him harmless ; that the plaintiff subsequently released the indorser upon the payment of forty per cent, of the amount due upon said notes that • they were accommodation notes and therefore the defendant was discharged. '
The offered testimony was, upon the plaintiff’s objection, excluded, and there being no other defense, a verdict was directed for the plaintiff.
The defendant says that the defense.which appeared in the answer was an equitable defense which could not be-received in an action in the courts of the United-States that, according to the rules of this court, a repleader should have been required by the plaintiff,* and that none having-been asked for, there was a mistrial.
The defense which was alleged in the answer was purely a legal defense, viz.: that before and at the time the notes were discounted, it was agreed by the plaintiff that the defendant should not be liable to it, but that it would rely entirely upon the payee. This defense is not inconsistent with.the notes, does not seek to vary their terms or the contract which they contained, but sets up a valid agreement by the plaintiff which freed the maker from - his liability. This discharge of the maker, if proved, would have been a fact entirely independent of the contract which is shown by the notes, and would have been, without question, a legal' defense (Manley v. Boycot, 2 El. & Bl. 46).
The fact that the plaintiff' asked, at the end of the-answer, for a surrender of the notes, does not turn a purely legal defense into' an equitable one.†
*149 The defendant next says that • the facts which were attempted to be proved constituted a complete defense in ■courts of law.
Although the defense upon the alleged facts is borrowed from a court of equity and is, in that sense, an equitable one, I do not regard it as a defense which can be administered only by a court of equity upon the ground that the relief which is sought must be granted by an injunction or by some other remedy -which a court of equity only can furnish, or that the defense contains matter which can be considered only at equity. If the sole defendant is not liable to pay the notes, there is no difficulty in an examination by a court of law, and it is not necessary to resort to the form or mode of relief peculiar to a court of equity. There is quite a large class of cases pertaining to the discharge of sureties, upon the principles of which cases this defense rests, in which courts of law take cognizance of defenses which had their origin in the courts of equity, but which are administered by courts of law, without disregarding the inherent distinctions between the two courts. “In general,” said Chief Justice Shaw, in Carpenter v. King (9 Met. Mass. 511), “ that which would afford a surety a remedy in equity against his creditor by injunction, is a good defense at law, when suit is against the surety alone.” Many of the earlier distinctions in regard to the rights of sureties to defend at law, do not now seem to be regarded. The cases upon this point are collected in 2 Amer. Lead. Cases, 448.
If the defense is purely equitable, and the remedy, if any, must be administered by a court of equity, the defendant should have proceeded according to the rules regulating proceedings in equity in the courts of the United States (Burnes v. Scott, 117 U. S. 582). ■
Upon the theory that it is a defense which can be exam *150 ined in a court of law, and confining myself exclusively to the question as it relates to the rights of an indorsee and holder of a negotiable instrument, who took the note or bill for value, in ignorance that it was accommodation paper, I am still of the opinion that the defense is inconsistent with the principles which have generally been considered as settled in regard to the rights of bona fide holders of negotiable paper, and, if the accommodation maker permits the-note to go into the hands of bona fide holders for value, without knowledge of the relations between the maker and payee, that he has abandoned all right to enforce his equity as against the ignorant holder. “ He who makes a note or accepts a bill for the accommodation of another, virtually authorizes those who 'take the instrument subsequently to make such terms or arrangements with the drawer or indorsers as may be most conducive to their mutual interests, and cannot revoke the authority thus given to the injury of those who have acted upon it” (4 Daniel on Negotiable Instruments, §§ 1336-1338; Farmers’ Bank v. Rathbone, 26 Vt. 19).
I do not think it advisable to make an extended argument upon this question, which is an important one, and upon which there is a conflict of opinion, because the case will probably go to the supreme court, where the question will be authoritively settled. Meantime the numerous conflicting authorities will be found collected in 2 Daniel on Neg. Instr. 316-321; 1 Pars, on Bills and Notes, 233, and In re Goodwin, 5 Dill. 140.
It may be added that the only decision of the court of appeals of New York which is directly upon the point in question in regard to negotiable paper is against the validity of the defense (Hoge v. Lansing, 35 N. Y. 136).
The motion is denied and the stay of execution is vacated. '

 See La Mothe v. Nat. Tube Works Co., 15 Blatchf. 482; Hurt v. Hollingsworth, 100 U. S. 100.

 Compare Equitable Ins. Co. v. Cuyler, 75 N. Y. 511; afl’g 12 Hun, 247 (holding that the prayer for relief cannot alone determine whether the pleader is confined to a legal cause of action or defense, or an equitable one, provided the cause is at issue); Williams v. Slote, 70 N. Y. 601 (equitable relief demanded where only *149 legal cause of action was alleged); Hale v. Omaha Natl. Bk., 49 N. T. €26 (legal relief demanded where grounds of equitable relief were stated).