WATTS *v.* WATTS.

Opinion delivered April 8, 1929.

*Rowell & Alexander,* for appellant.

*R. W. Wilson,* for appellee.

MEHAFFY, J. The appellee filed his complaint against the appellant in the Jefferson Chancery Court, asking for a divorce on the ground that his wife's conduct toward him rendered his condition intolerable.

The appellant answered, alleging that a former suit between the same parties and involving the same subject-matter had been tried in the Jefferson Chancery Court, decree rendered against C. Y. Watts, and an appeal taken by him to the Supreme Court, where said appeal was dismissed for non-compliance with Rule 9. Appellant alleged that the judgment in the former suit was a bar to the present suit. She also asked for attorney's fee, court cost, and alimony.

After the evidence was all in and argument of counsel completed, the court took the matter under advisement, and thereafter the appellee filed a motion in open court, asking permission to take a nonsuit, which was granted by the court.

The following is the decree:

"Now on this day is presented the motion filed herein by the defendant, and this cause is heard upon the motion of the defendant and the response thereto of the plaintiff, and upon the statement of facts therein set forth, and the court finds that on March 9, 1928, the case came on to be heard, all testimony introduced by both sides, argument by counsel for both sides completed, and, after the argument by counsel, the court stated that there was a proposition of law that he wanted to look up, and the following entry was made on the court's private memoranda book: 'The case heard and the court takes the case under advisement.' On March 14, 1928, the notation on the court's private memoranda book reads as follows: "R. W. Wilson, attorney for plaintiff, comes into open court and asks to take a nonsuit, and the court made the following notation on his private memoranda book: 'Nonsuit taken by plaintiff.'

"That on the complaint appears the following notation: 'Dismissed or nonsuited by plaintiff the 14th day of March, 1928. R. W. Wilson, attorney.' That no record was made by the judge on the chancery court docket and no order was signed or placed on the chancery record, and the court finds from the foregoing facts that the matter of permitting plaintiff to take a nonsuit is in the discretion of the court. It is therefore by the court considered, ordered and adjudged that the motion herein filed by the defendant be and the same is hereby overruled and dismissed. It is further ordered and adjudged that the plaintiff herein be and he is hereby entitled to a nonsuit."

The appellant prosecutes the appeal to this court to reverse the decree of the chancellor, and she states: "This appeal involves the question of the right of the

chancellor to grant a nonsuit in this case after all the evidence in this case had been heard, the argument of counsel on both sides concluded, and the same submitted to the chancellor.''

The only question here, as stated by appellant, is whether the chancellor had a right to grant a nonsuit after all the evidence in the case had been taken, after the argument of counsel on both sides was concluded, and the case submitted to the chancellor.

While the plaintiff, after the case was finally submitted, had no absolute right to take a nonsuit or dismiss his action, it was in the discretion of the court to permit the plaintiff to recall the submission and dismiss without prejudice.

''Where a case has been finally submitted, either to the chancellor or to the court sitting as a jury, but no judgment has been rendered, it is within the discretion of the court to permit the plaintiff to take a nonsuit, and, unless it appears that the court has abused its discretion, this court will not reverse.'' *St. L. S. W. Ry. Co.* v. *White Sewing Machine Co.*, 69 Ark. 431, 64 S. W. 96, 9 R. C. L. 196, 21 C. J. 196; *American Zylanite Co.* v. *Celluloid Manufacturing Co.*, 33 Fed. 809.

It is the contention of the appellant that the appellee dismissed his complaint in the chancery court in vacation, or dismissed it by writing on the complaint in the clerk's office that plaintiff took a nonsuit. However, the decree of the court shows conclusively that the nonsuit was taken in open court by permission of the court.

''The court treated the agreement to submit the case as the final submission; and if this be right, still it was in the sound discretion of the court to permit a nonsuit after final submission, and the court ought to do so when it is in the interest of justice and to enable the parties to obtain a fair trial, which cannot be obtained on the record, as it then stands. * * * It was an arbitrary exercise of discretion not to permit either that the

foundation be laid in that suit for the admission of the transcript or that a nonsuit be taken in order that the record in a future suit might fairly present the rights of the parties." *Carpenter* v. *Dressler*, 76 Ark. 400, 89 S. W. 89.

There is nothing in the record in this case that shows the court abused its discretion. The testimony that was taken is not in the record; there is no way in which we can know the condition of the record at the time the nonsuit was taken; the record here simply shows that the testimony had been taken and the case had been argued by counsel on both sides and submitted to the court. After this was done, the plaintiff, in open court, asked permission to take a nonsuit, and the court granted the request. It was in his discretion to permit the nonsuit, and his ruling will not be disturbed here, in the absence of a showing that the court abused its discretion.

"Here, notwithstanding the court had indicated to the counsel for the plaintiff that the court did not think the proof sufficient to justify a recovery, counsel for plaintiff still had the right to ask permission to argue his client's cause before the court; and there is nothing in the record to show that the court, if asked, would have denied him this right and privilege. If counsel had availed himself of this right and privilege, he might have been able to convince the court that its view of the testimony before hearing the argument of counsel was erroneous, and thus induced the court to find in favor of his client. Instead of taking this course, counsel for plaintiff elected to take a nonsuit, which he had the right to do. In cases at law, under a similar statute, it is held that a case is not finally submitted to the jury when the last word of a charge is read, and not until the jury are directed to retire and to enter upon a consideration of their verdict." *Mutual Benefit Health & Accident Assn.* v. *Tilley*, 174 Ark. 932, 298 S. W. 215. See *Bean* v. *Harris*, 46 Iowa 118; *Morrisey* v. *Chicago, etc.*

*Ry. Co.,* 80 Iowa 314, 45 N. W. 545; *Mullen* v. *Peck,* 57 Iowa 430, 10 N. W. 829; *Oppenheimer* v. *Elmore,* 109 Iowa 196, 80 N. W. 307; *Gassman* v. *Jarvis,* 94 Fed. 603.

The plaintiff, as we have said, has no absolute right to take a nonsuit after the cause has been finally submitted. But it is within the discretion of the court to permit plaintiff to withdraw the submission and take a nonsuit, just as was done in this case. Before it is finally submitted, the plaintiff has an absolute right to take a nonsuit. If there is a counterclaim or cross-complaint filed by the defendant, plaintiff is not thereby prevented from taking a nonsuit as to his complaint. The defendant, however, can still try the cause stated in his cross-complaint, and plaintiff, although having dismissed his original suit, may defend against the cross-complaint. The permission of plaintiff to take a nonsuit does not prohibit the defendant from trying any cause of action set up in his cross-complaint.

It was within the discretion of the court not only to permit the plaintiff to take a nonsuit, but also to permit a trial on any cause of action alleged in defendant's cross-complaint. *Chalkley* v. *Henley,* 178 Ark. 635, 12 S. W. (2d) 18.

"In the absence of statutes otherwise providing, in an action tried by the court, it seems that plaintiff may dismiss after the court has announced its finding but before a note has been made thereof; but in such an action it is too late to move to dismiss after the court has announced its findings, under a statute providing that the motion 'may' be made at any time before the court has announced its findings, or under a statute permitting or requiring plaintiff to make his motion before such submission to the court. The announcement of its finding, within the meaning of this rule, does not occur where the court merely states that there was a lack of evidence necessary to sustain one branch of plaintiff's case, or merely intimates what its decision or finding will be." 18 C. J. 1153.

"However, as we have said, plaintiff cannot dismiss or discontinue his action after an answer has been filed asking affirmative relief so as to interfere with the defendant's rights under such plea. The dismissal by plaintiff is operative only as to his cause of action, and the defendant is still in court upon his cause of action in his counterclaim or cross-complaint, and he may demand a trial on his counterclaim or cross-complaint." 18 C. J. 1160; *Dillon* v. *Hawkins,* 147 Ark. 1, 227 S. W. 758; *Wiegel* v. *Road Imp. Dist. No. 1, Prairie County,* 126 Ark. 31, 189 S. W. 178.

It is always within the discretion of the court to grant plaintiff permission to dismiss his cause of action at any time before judgment. Plaintiff has the right to dismiss his cause of action before trial, even after answer is filed. And, unless the defendant has a cross-complaint asking affirmative relief, he has no right to complain. A dismissal or nonsuit is at the cost of the plaintiff, and, unless defendant had filed a cross-complaint or a plea asking affirmative relief, he could get no more by trying the case than a dismissal at the cost of the plaintiff. He therefore could not be injured in any way by the court's permission to plaintiff to take a nonsuit. If, however, defendant has filed a cross-complaint, the dismissal of plaintiff's cause of action does not affect defendant's right to a trial on his cross-complaint.

In the instant case, however, there is no cross-complaint. It is true that the defendant in her answer asked for attorney's fee, cost, and alimony. If she had been entitled to any of these items she would have had the right to trial as to them, notwithstanding plaintiff's cause of action was dismissed. But it appears from the record that these issues were tried, and the court held that the defendant was not entitled to suit money, alimony, or attorney's fee from plaintiff, because of the labor performed, money expended and buildings placed on defendant's property by plaintiff, which has enhanced the

value of said property, and also on account of defendant's treatment of plaintiff.

But it is immaterial whether these issues were tried out or not. Defendant had the right, notwithstanding the dismissal by plaintiff of his cause of action, to try any cause of action stated in a counterclaim or cross-complaint.

There is nothing in this case to indicate that the court abused its discretion, and the decree of the chancellor is therefore affirmed.