MISSOURI PACIFIC TRANSPORTATION COMPANY v. WILLIAMS.

4-4805

Opinion delivered November 8, 1937.

R. E. Wiley and Richard M. Ryan, for appellant.

BAKER, J. Fred Williams, a resident of Grant county, made a trip by bus to Forrest City. On the return from Forrest City to his home he left the appellant company's bus at Lonoke, after having asked the driver of the bus to excuse him and went to a rest room, said to have been about 100 yards away from the point at which the bus stopped in Lonoke. Upon returning to the point at which he left the bus, he found that it had gone and without any inquiry whatever the appellee set out to walk to Little Rock. This was after 10 o'clock in the forenoon and, according to his statement, he walked a few miles when he was picked up by some one in an automobile and brought to Little Rock. He arrived at the bus station only about thirty minutes after the arrival of the bus upon which he had been a passenger. He at once demanded a return of forty-three cents, which it is admitted was the amount of the fare from Lonoke to Little Rock. He was directed to the proper desk or office to make the claim for the forty-three cents. He made no claim at that time of any injuries suffered on account of the fact that he had been left at Lonoke after he had left the bus at that point. Thereafter, a check was sent to him for the forty-three cents return fare and he had this in his possession, without having cashed it at the time of the trial.

Shortly after receipt of this check he filed suit in the circuit court of Grant county alleging that by reason of the fact he had been left at Lonoke, and that, as he had no money he was forced to walk and attempted to do so in order to make his way to Little Rock; that on account thereof he had suffered from cold and exposure which increased or aggravated his rheumatic pains and blistered his heel. He was then working for $1.60 a day when employed by the WPA; that his employment was only part time, perhaps four or five days of the week.

After the trial had begun plaintiff filed an amendment to his complaint, alleging wrongful conduct on the part of the driver of the bus, or gross negligence in failing to wait for him, a passenger, and prayer was for punitive damages. This amendment was made over ob-

jections and exception of the defendant. Appellant urges this as a reason for a reversal, that is to say it contends that the amendment came too late. We do not agree with this contention, the plaintiff had a right to amend his pleadings at any time, even after progress of the trial had commenced, however, within the sound discretion of the court. If such amendment was of the nature or kind as to cause surprise to the defendant to present an issue, concerning which the defendant could not reasonably be prepared to meet, it would have been proper, upon motion, to have continued the cause in order to enable it then to meet the new issue presented. Here, there is no surprise pleaded nor was any time requested to prepare to meet any facts that might have been offered to support the new issue raised by the amendment. In that respect we see no error. *Beal & Doyle Dry Goods Co.* v. *Barton,* 80 Ark. 326, 330, 97 S. W. 58; *O. L. Gregory Vin. Co.* v. *National Fruit Canning Co.,* 167 Ark. 435, 444, 268 S. W. 598.

Many other interesting citations could be set down, but this is unnecessary. We have chosen these only because of the striking characteristics therein.

However, upon this new pleading the court gave an instruction under which the jury might have found that plaintiff was entitled to some judgment, not by way of compensation for any loss or injury suffered, but purely of a punitive nature. This instruction, objected to by the defendant at the time it was offered permitting the jury to return a verdict for punitive damages, was error. The strongest probative value that may be placed upon the testimony as offered by the appellee in his favor does not tend to show any intentional act on the part of the driver to abandon or leave the passenger, nor is it inferable therefrom that the driver's conduct was so grossly remiss as to impute malicious or wrongful conduct on his part. Negligence alone, however gross, will not justify the imposition of punitive damages.

In fact, the evidence does not disclose that the driver knew the reason or purpose on account of which Williams left the bus or that he left it with the intention of

soon returning and continuing the journey, the strongest conclusions to be reached from such evidence would not justify punitive damages. *St. Louis S. W. Ry. Co. v. Owings, Admx.,* 135 Ark. 56, 62, 204 S. W. 1146. Other citations or authorities are unnecessary.

There is little evidence of any injury in this case. Plaintiff was left at the Lonoke station. He voluntarily started out and walked for a short distance. He thinks perhaps seven or eight miles. This evidently was not correct as he was soon picked up by some one and delivered in Little Rock within less than two hours after the bus had left Lonoke and only about thirty minutes after the bus had arrived in Little Rock. There is no evidence of any loss occasioned by this thirty minutes of lost time on the journey.

The plaintiff says that, on account of the fact that he had no money, he undertook to walk this distance from Lonoke to Little Rock, but after arriving in Little Rock and making his claim for the return of the forty-three cents fare he then again undertook to walk to Sheridan or a point near that place and after walking some distance was again picked up and carried to his destination. Of course, he does not contend that the walk in the afternoon added to his inconvenience or contributed to alleged sufferings or injuries. A majority of the members of this court are unwilling to say that under the circumstances the appellee's injuries and consequent damages are not more than nominal. To this conclusion the writer does not agree.

Therefore, since the case must be reversed on account of the error in giving the instruction which would permit a recovery of punitive damages, the judgment is reversed, and the cause remanded.