HARRIS *v.* STARR.

5-907                                                                 288 S. W. 2d 332

Opinion delivered March 26, 1956.

*Shaw & Spencer,* for appellant.

*Shaver, Tackett & Jones,* for appellee.

PAUL WARD, Associate Justice. On April 29, 1951 the wife of appellant, R. A. Harris, was killed in an automobile collision on Highway 71. On May 18, 1951 Harris filed a complaint against appellee, Joe Starr, d/b/a Oklahoma Exposition Shows, J. F. Brown, S. K. Clark and Floyd Brown, alleging negligence on the part of Floyd Brown who was driving a truck attached to a carnival cook shack, and alleging that said Brown was operating the truck under the control and management of Starr. Personal service was had on all of the defendants except Starr and service was apparently attempted on him by serving the Secretary of State under Ark. Stats. § 27-340 or § 27-341 as more fully set out hereafter.

None of the above named defendants appeared for trial and on October 16, 1951 a default judgment was taken against all and each of them in the total amount of $16,495. There were in fact three suits filed against appellee and the other defendants growing out of the same accident. One was by R. A. Harris, an individual; one by R. A. Harris, as administrator, and; one by R. A. Harris, as next friend of his minor child. These suits were all consolidated for trial, and for the purpose of this opinion we will treat them as if they were one cause of action.

Joe Starr was in 1951 and at all times since a resident of Oklahoma, and it appears that most of his time is given to managing or conducting a traveling carnival show. In the early part of August 1955 Starr appeared with a show in Howard County and on the 6th of August the sheriff levied an execution on certain rides and equipment supposedly belonging to Starr, in an effort to collect the judgments above mentioned. A few days thereafter Starr, appearing specially, filed a "MOTION TO SET ASIDE JUDGMENT AND QUASH EXECUTION." In this motion Starr stated that he had never been served with any process in the above mentioned cases. It was further stated that service was attempted upon him under the Arkansas Non-Resident Motor Vehicle Act by having the sheriff of Pulaski County serve the Secretary of State, but that

he did not receive notice from any source that such process had been served upon the Secretary of State, and that he in fact knew nothing of the judgments until the 6th of August 1955. Starr further stated that he had never been notified that the complaints had been lodged against him and that he was represented by no attorney concerning the matter, and had no knowledge of the pending litigation. In the motion it was further stated that said judgments should be set aside for want of service of process upon him, and for fraud practiced upon him and the court. It will be noted that this motion contained no allegations with respect to a meritorious defense.

Upon the above motion both sides presented testimony to the court on the question of whether or not Starr had been properly served or whether he had been represented by an attorney, and both sides rested. The trial judge took the matter under consideration and it was agreed that he would announce his decision within five or six days, after the attorneys on each side had presented briefs.

Previous to the day on which the court was to render its decision Starr filed an amendment to the above mentioned motion in which he set out the facts purporting to show a meritorious defense to the original action. Among other things it was stated that the truck which was driven by Floyd Brown was the property and under the control of J. F. Brown and that Floyd Brown was the agent of J. F. Brown; that Floyd Brown was in no wise connected or associated with him [Joe Starr] or the Oklahoma Exposition Shows; that S. K. Clark owned the cook shack involved in the collision and that he was not an agent, servant or employee of Starr or the Oklahoma Exposition Shows, and; that neither he nor the Oklahoma Exposition Shows nor any of their agents, servants or employees had control of the aforesaid vehicles at the time of the accident.

The trial court, over the objections of appellant, allowed Starr to amend his motion, and to introduce his testimony in support thereof. Appellant saved his

exceptions and refused to cross examine Starr or to introduce testimony. Thereupon the trial court set aside the judgment against Starr and quashed the execution.

Appellant makes no contention that the testimony, taken over his objections, does not show a meritorious defense. So, the questions presented for our determination are: (a) Was it error for the court to permit appellee to amend his motion?; (b) Was appellee properly served in the original suit? and, if not; (c) Was appellee bound by the knowledge of his purported attorney?, and; (d) Did the court err in quashing the execution?

(a) Notwithstanding both parties had introduced testimony on appellee's original motion [which contained no allegations of a meritorious defense], had rested and agreed to submit briefs, and the court had stated it would announce its decision on a day certain, we think the court did not abuse the discretion it had in the matter in allowing appellee to amend his motion, before decision day, to plead a meritorious defense. Ark. Stats. § 27-1160 provides, in substance, that the court may, at any time, in the furtherance of justice, allow a pleading to be amended by inserting material allegations so long as the amendment does not change substantially the claim or defense. This court has many times held that the trial court has wide discretion in allowing pleadings to be amended. In *St. Louis, Iron Mountain & Southern Railway Company* v. *Power*, 67 Ark. 142, 53 S. W. 572, it was held not error for plaintiff to amend his complaint by inserting new matter after the issues were joined and the jury impaneled, but defendant was entitled to a continuance. In *Kempner* v. *Dooley*, 60 Ark. 526, 31 S. W. 145, we said: "It was in the sound discretion of the circuit court to permit or refuse to permit the amendment offered by the appellee, Dooley, to be made at the time it was offered, and the court is of the opinion that the circuit court did not abuse its discretion in refusing to allow the amendment to Dooley's answer, after the cause had been heard upon the pleadings and evidence."

During the trial in *Biddle et al., Receivers* v. *Riley,* 118 Ark. 206, 176 S. W. 134, plaintiff offered evidence of future loss or damages when it was discovered the complaint contained no such allegation. The trial court permitted plaintiff to amend the complaint over objections. This court in sustaining the trial court said: "The court had the right to permit an amendment at any stage of the proceedings which would not operate to the prejudice of the defendants in their preparation for the trial, and it was not suggested to the court that this introduced new matter which would render it necessary for defendants to have additional time in which to meet the issue."

In *Smith-Arkansas Traveler Company* v. *General Tire & Rubber Company,* 182 Ark. 818, 33 S. W. 2d 712, the court said, at page 822 of the Arkansas Reports, "The fact that appellee attempted an erroneous theory did not disentitle it to amend under a correct theory."

In *Missouri Pacific Transportation Company* v. *Williams,* 194 Ark. 852, 109 S. W. 2d 924, after the trial had begun, plaintiff filed an amendment to his complaint, alleging wrongful conduct on the part of the driver of the bus. The court allowed this amendment over the objections of the defendant, and it was contended in this court that this constituted reversible error. In disallowing this contention the court said: "We do not agree with this contention, the plaintiff had a right to amend his pleadings at any time, even after progress of the trial had commenced, however, within the sound discretion of the court. If such amendment was of the nature or kind as to cause surprise to the defendant to not reasonably be prepared to meet, it would have been proper, upon motion, to have continued the cause . . ."

In *Bridgman* v. *Drilling,* 218 Ark. 772, 238 S. W. 2d 654, it is stated: "We have repeatedly stated that the trial court is invested with broad discretion in allowing amendments to pleadings under Ark. Stats. § 27-1160 in order to effectuate the manifest purpose of the statute to permit the trial of litigation upon its merits."

It is noted that appellant did not ask for a continuance when the court permitted the amendment to be made.

Also, the record shows that appellee informed the court that if he were not allowed to amend he would take a non-suit, and the court could have allowed him to do so since no counter-claim had been filed. See: *Carpenter* v. *Dressler,* 76 Ark. 400, 89 S. W. 89; *Watts* v. *Watts,* 179 Ark. 367, 15 S. W. 2d 997; *Norton* v. *Hutchins, Chancellor,* 196 Ark. 856, 120 S. W. 2d 358, and; *Raymond* v. *Young,* 211 Ark. 577, 201 S. W. 2d 583.

(b) Apparently an attempt was made to serve Starr originally pursuant to the provisions of Ark. Stats. § 27-340 or § 27-341. The former applies generally to a non-resident doing business in this state and the latter to a non-resident owner or driver of a vehicle on the highways of this state. Both require service of process on the Secretary of State and that a copy be registered to the defendant at his last known address. Here, however, there is no contention that the last requirement was complied with.

(c) Appellant ably contends that Jack Bradley, a licensed attorney, represented Starr as his attorney in the original proceeding. Bradley and Starr both deny the relationship. There is no direct proof that such relationship existed although there is considerable testimony indicating that it did. This presented a fact question to the trial judge and we cannot say he committed reversible error in reaching the conclusion he did.

Certain letters were introduced in evidence showing that Bradley had at one time represented S. K. Clark, J. F. Brown and Floyd Brown. In one letter Bradley wrote appellant's attorney that he was withdrawing from the other cases and that later he might withdraw from Starr's case. Bradley, who was at the time an attorney but is now a county judge in Oklahoma, explained this statement in this way. He said that he had been a friend of Starr for several years but at the time he received the registered letter containing copy of the complaint he did not know where Starr was and had not

talked to him but thought that if Starr should hire him in the case he might represent him or he might not. Starr testified that he did not know that suit had been filed against him and that judgment had been rendered against him until the execution was served in August 1955. The clerk of the circuit court in 1951 entered Bradley's name on the docket as attorney for Starr but she admits that neither Starr nor Bradley had told her to do so and that she was merely presuming. It is not contended that Bradley ever filed any pleading on behalf of Starr or that he took any part or steps in the original trial.

(d) Appellant makes the contention that the trial court erred in quashing the execution, and in support thereof cites Ark. Stats. § 29-509 and § 30-311. We conclude that no error is shown upon the part of the trial court. The first cited statute applies, in this connection, only to judgments that have been *modified*. The other section provides for the giving of a bond or security for the stay of an execution or order of sale pending a hearing on whether the execution shall be stayed or quashed by the trial court. The section does not apply to the facts in this case because here the trial court did not quash the execution until after he had heard all of the testimony and had set the judgment aside.

Affirmed.

Justice MILLWEE dissents.