WALTER COMSTOCK ET UX *v.* ALCYE SMITH

73-148                                         501 S.W. 2d 617

Opinion delivered November 26, 1973

*Joe Purcell,* for appellants.

*Wright, Lindsey & Jennings,* for appellee.

GEORGE ROSE SMITH, Justice. In 1969 Grace Buffington sold a house and lot in the city of Benton to the appellants, Mr. and Mrs. Walter Comstock. The pur-

chase price was to be paid in monthly installments. Mrs. Buffington died testate in 1971, leaving her interest in the property to her sister, the appellee Alcye Smith. Mrs. Smith brought this suit to cancel the contract. The chancellor found the agreement of sale to be void, as a violation of the rule against perpetuities. Whether that finding is correct is the principal issue here.

The facts are undisputed. For 25 months before the sale the Comstocks had been occupying the property as tenants, at a rental of $85 a month. The contract of sale recited down payment of $2,125, but no money was actually paid, the recited figure being merely the total amount of rent previously paid by the Comstocks. The true sales price was $18,000, payable in monthly installments of $85 each until the purchase price, together with interest at the rate of 7½ per cent per annum, was paid in full.

The original complaint sought cancellation of the contract on the grounds that the seller was mentally incompetent and that the agreement was unfair and impossible of performance. When the case was tried upon that theory the chancellor sustained the defendants' demurrer to the evidence at the close of the plaintiff's proof. Thereafter, and apparently before a decree was entered, the court permitted the plaintiff to amend her complaint to assert a violation of the rule against perpetuities. We cannot say that the court abused its discretion in allowing the complaint to be amended, especially as no prejudice to the defendants resulted from the slight delay that occurred. Ark. Stat. Ann. § 27-1160 (Repl. 1962); *Harris* v. *Starr*, 226 Ark. 127, 288 S.W. 2d 332 (1956).

The chancellor was right in concluding, after a second hearing, that the contract violates the rule against perpetuities. Under that rule an interest must vest within a period measured by a life or lives in being plus 21 years. Gray, The Rule Against Perpetuities, § 201 (3d ed., 1915). In the case at hand the monthly payment of $85 was less than the interest upon $18,000, at 7½ per cent per annum. There was no requirement that the prin-

cipal debt be paid at any specified time. Consequently the purchasers and their successors in interest might have made payments for scores or even hundreds of years without violating their contract or acquiring a right to a conveyance of the property. Thus the alienability of the title might be fettered for a period far beyond that allowed by the rule against perpetuities. While the rule does not apply to executory contracts not affecting an interest in property, it does apply to a contract which creates a property right that can be enforced by specific performance. Gray, *supra*, § 330; Restatement of Contracts, §§ 393 and 401 (1944); *First Nat. Bk. & Tr. Co. of Lexington* v. *Purcell*, Ky., 244 S.W. 2d 458 (1951); *Kershner* v. *Hurlburt*, Mo.,. 277 S.W. 2d 619 (1955); *First Huntington Nat. Bk.* v. *Gideon-Broh Realty Co.*, 139 W. Va. 130, 79 S.E. 2d 675 (1953). The contract in the case at bar falls within that category.

The appellants, in arguing that the contract is valid, rely upon a paragraph in the agreement which provides that the purchasers cannot sell, transfer, or assign the contract, or lease the land, without the consent of the seller, and that if such a sale, transfer, assignment, or lease is made contrary to the contract the seller may declare the entire balance of the purchase price immediately due or may rescind the contract. The appellants contend that since they must have the seller's consent to transfer the property by deed, by will, or by intestacy, the contract must be performed if at all within their own lifetimes.

That argument is unsound. The interest *must* vest within the time allowed by the rule. If there is any possibility that the contingent event may happen beyond the limits of the rule the transaction is void. Gray, *supra*, § 214; *Moody* v. *Walker*, 3 Ark. 147 (1840). In *Tucker* v. *Pulaski Fed. S. & L. Assn.*, 252 Ark. 849, 481 S.W. 2d 725 (1972), we held that a court of chancery will not permit an acceleration clause to be exercised in a manner that is unfair to the debtor. Consequently, as that opinion recognizes, there could be many situations in which the appellants or their successors might validly transfer their interest in the contract without the consent

of the seller or her successors. Thus there is unquestionably a possibility that the life of the agreement might extend beyond the time allowed by the rule.

The chancellor awarded the appellants $775.75 to reimburse them for taxes, insurance, and an improvement to the land. He refused, however, to allow them to recover their monthly payments, since the rental value of the land offset the amount of those payments. The court was right. The appellant, under a void contract, occupied the property as their residence. In the circumstances they have no standing in a court of equity to obtain the return of their payments without any deduction for the benefits they received. Compare *Penney* v. *Vessells*, 221 Ark. 389, 253 S.W. 2d 968 (1952); *Dodd* v. *Mills*, 219 Ark. 91, 240 S.W. 2d 25 (1951); Restatement of Restitution, § 157 (1937). One who demands equitable relief must in turn do equity.

Affirmed.